UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ILYSE LONSBURY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 16-331-DCR |
| ) | |
| V. ) | |
| ) | |
| KAREN N. WOODS and GEICO ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Ilyse Lonsbury's motion to remand. [Record No. 20]  For the reasons discussed below, the motion will be denied.

**I.**

This action arises out of a July 28, 2014, motor vehicle accident occurring near the intersection of East Reynolds Road and Nicholasville Road in Lexington, Kentucky. According to the state court complaint, Lonsbury was traveling in the right through lane of East Reynolds Road when Defendant Karen Woods, who was traveling in the left turn lane, turned her vehicle to the right, striking the front side of plaintiff's car. [Record 1-1 at ¶¶ 4-5] Lonsbury alleges that Woods "failed in her duties … to generally exercise reasonable care; to yield the right of way; to have her vehicle under proper control; and to pay attention and keep a proper lookout so as to keep her vehicle from coming into contact with others." [*Id.* at ¶ 5] The plaintiff further alleges that, as a result of Woods' failure of her duties, Lonsbury has

suffered serious bodily injury, present and future pain, mental anguish, inconvenience, and the permanent impairment of her ability to earn money. [*Id.* at ¶¶ 6-7]

Lonsbury believes that her damages exceed the amount of Woods' liability insurance. [*Id.* at ¶ 8] As a result, she has joined Defendant GEICO Insurance Co. ("GEICO"), with whom she had a first party contract of insurance at the time of the incident, to recover the excess under uninsured motorist coverage. [*Id.* at ¶ 8]

**II.**

Lonsbury filed suit in Fayette County Circuit Court on July 20, 2016. [*See* Record No 20-1, p. 1.] GEICO filed its Answer and a Cross-Claim against Woods on August 8, 2016. [*Id.*] Woods filed Answers to the Complaint and Cross-Claims on August 16, 2016. [*Id.*] On August 30, 2016, at the request of GEICO, counsel for Lonsbury provided, via e-mail, a summary, indicating a total of $92,211.53 incurred in medical expenses. [*Id.*]

On September 1, 2016, GEICO filed a Notice of Removal in this Court, alleging jurisdiction under 28 U.S.C. 1332(a)(1). [Record No. 1] On that same date, the Court entered an Order requiring GEICO to show cause why the matter should not be dismissed for lack of subject-matter jurisdiction. [Record No. 6] The Order explained that, because citizenship is distinct from residency for purposes of 28 U.S.C. §1332(a), and because the Notice of Removal only referred to the residency of Lonsbury and Woods, GEICO failed to plead subject-matter jurisdiction. [*Id.*]

On September 8, 2016, GEICO filed an amended Notice of Removal. [Record No. 7] The amended notice specified, for the first time, that Lonsbury is a citizen of Kentucky [*Id.* at

¶ 2] and that Woods is a citizen of Florida [*Id.* at ¶ 3]. However, the amended notice remained defective because it failed to properly allege the corporate citizenship of GEICO.

Title 28 of the United States Code, section 1332(c)(1), provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The Supreme Court explained in *Hertz Corp. v. Friend* that a corporation's principal place of business will "normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." 559 U.S. 77, 93 (2010). Under *Hertz Corp.* a corporation's "principal office" is not necessarily its "principle place of business." *Id.* at 89. Nothing in GEICO's September 8, 2016 amended notice suggested that the two were the same. In light of the failure to allege subject matter as mandated by statute, the Court scheduled a hearing to allow the defendant to explain why the matter should not be dismissed. [Record No. 10]

In the meantime, Defendant GEICO filed a second amended Notice of Removal on September 28, 2016. The September 28th second amendment included exhibits tending to establish the citizenship of Lonsbury and Woods, but failed to account for the defective allegation of GEICO's citizenship. [Record No. 11]

A hearing was held on October 3, 2016. [*See* Record No. 16.] During the hearing, the parties agreed that the August 30, 2016, e-mail counted as "other paper" for purposes of 28 U.S.C. § 1446(b)(3). However, the plaintiff expressed doubt regarding the citizenship of

Woods. The Court gave the parties 30 days to schedule a deposition of Woods and 15 days thereafter to file any motion to remand the case pursuant to 28 U.S.C. § 1447. [*Id.*] Finally, the Court informed GEICO of the deficiency in its allegation of corporate citizenship. GEICO was given seven days to (again) amend the Notice of Removal to properly allege jurisdiction. [*Id.*] However, the leave to amend was without prejudice to plaintiff's ability to challenge the removal as untimely and incorrect. [*Id.*]

On October 6, 2016, GEICO filed its third amended Notice of Removal, stating in pertinent part that GEICO is "a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Maryland. Thus, for diversity purposes, GEICO is a citizen of Maryland." [Record No. 14 at ¶ 5] On November 1, 2016, within the timeframe mandated by the Court, a deposition of Woods was taken. [*See* Record No. 21-2] Thereafter, plaintiff timely filed a motion to remand. [Record No. 20-1] The motion to remand is the subject of this opinion.

### III.

Lonsbury's motion discusses three potential grounds for remand. The first concerns the domicile of Woods. Were Woods a domiciliary of Kentucky, she would be considered a citizen of this Commonwealth for purposes of diversity, and the subject-matter jurisdiction of this Court would be defeated. However, Lonsbury appears to concede this issue, stating that, despite Woods' "confusing" testimony, "[she] was adamant that she has been and intended to remain a resident (and domiciliary) of Florida." [Record No. 20-1, p. 3] For this reason, Lonsbury stated her intent to "focus on the irrefutable basis for this motion: that GEICO's removal was untimely." [*Id.*]

The second ground for remand concerns the operative date triggering the 30-day period for removal under 28 U.S.C. § 1446(b). While spending the bulk of their legal argument discussing the standard regarding when the period begins to run, Lonsbury ultimately concludes that August 30, 2016, is the proper date for evaluating the timeliness of removal. Specifically, Lonsbury states that she "does not contest that August 30, 2016 receipt of Plaintiff's medical expense summary totaling $92,211.53 was a qualifying deadline triggering 'other paper.'" [Record No. 20-1, p. 4] Lastly, Lonsbury addresses whether proper notice was filed within 30 days of the August 30, 2016 trigger. After establishing that three of GEICO's four Notices of Removal were timely, yet only the fourth was jurisdictionally sufficient [*Id.*], Lonsbury offers the following argument:

> Furthermore, no request was made or granted for leave to amend or to extend the 30 day deadline, yet GEICO filed three amended notices of removal. *Cf., Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). Thus, each successive notice of removal was like a first time filing of notice of removal. The first three were defective, yet timely. The last was not defective, but untimely.[1]

[Record No. 20-1, p. 5] In its response, GEICO relies upon *Tech Hills II Associates v. Phoenix Home Life Mut. Inc. Co.,* 5 F.3d 963 (6th Cir. 1993). *Tech Hills* was a bifurcated opinion, dealing in part with when the 30-day period for removal was triggered, and also addressing whether a defendant should be permitted to cure defective allegations of diversity jurisdiction,

---

[1] In *Walsh*, the court granted a motion to remand after the defendant failed to allege its principal place of business. The court held, *inter alia*, that "[t]o permit an amendment after the expiration of the period of limitation for the filing of the petition for removal would be not to correct a defective allegation but to permit a new and hitherto unplead jurisdictional ground for removal." 264 F. Supp. at 515

where such jurisdiction did in fact exist, after the time period for removal has expired. GEICO argues that it is "well settled" that amendments *should be* permitted under such circumstances. [Record No. 21, p. 2] GEICO further argues that that *Walsh* is inconsistent with the controlling rule of *Tech Hills II*. [*Id.* at n.2] In its reply, Lonsbury contends that *Tech Hills II* is persuasive, but not controlling, authority and that *Walsh* remains good law. [Record No. 23, p. 4]

**IV.**

The only issue before the Court is whether the October 6, 2016, amended Notice of Removal should be rejected as untimely. The Court granted GEICO leave to file the amended notice, and the parties appear to dispute the import of that order. However, because the leave was without prejudice to any objections plaintiff may make to it as untimely and improper, a timeliness objection is appropriately before the Court.

Lonsbury argues for the so-called "strict" view applied in *Walsh*. GEICO, however, advocates for the more permissive approach endorsed by *Tech Hills II*. This dichotomy deceives the reality of modern practice.[2] In fact, a 1977 decision from this district, which expressly applied *Walsh*, provides the controlling rule for this case. According to *Jackson v. Metropolitan Life Ins. Co.*

---

[2] Whatever the import of *Tech Hills II*, its quoted text may deceive a reader. Specifically, the excerpted discussion of "the strict view reflected by earlier cases" actually refers to cases from decades earlier. 5 F.3d at 969 (citing *Gafford v. Genreal Elec. Co*, 997 F.2d 150, 164 (quoting *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.*, 486 F. Supp. 769, 771, 772-73 (E.D. Ky. 1980)) Specifically, "the commenters and the great weight of judicial authority" cited as repudiating the strict approach refer to a treatise dated 1976 and a law review article dated 1964. *See Stanley Elec. Contractors, Inc.*, 486 F. Supp. at 773, n.18.

> [i]t is the rule in this Court that after the expiration of the period allowed for the removal procedure in 28 U.S.C. § 1446(b), amendments to the removal petition cannot be made to supply an allegation of jurisdiction not before the Court, but the petition may be amended to cure a defective pleading. *See Walsh v. American Airlines, Inc.*, 264 F. Supp. 514 (E.D. Ky. 1967); *Roseberry v. Fredell*, 174 F. Supp. 937 (E.D. Ky. 1959); *Cline v. Belt*, 43 F. Supp. 538 (E.D. Ky. 1942).

433 F. Supp. 707, 709 (E.D. Ky. 1977). A similar approach has been adopted by other courts. For examples, in *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797 (E.D. Va. 2004), the district court in the Eastern District of Virginia articulated a two-step approach turning on whether the defect was technical or substantive, and evaluating the prejudice to the other party, including a delay of the litigation as a whole.[3]

In *Jackson*, the removal notice alleged the following:

> The defendant, Metropolitan Life Insurance Company, was at the time of the commencement of this action, ever since has been, and is now a citizen and resident of the state of New York and of no other state, and the defendant,

---

[3] Under *Muhlenbeck*, the court first determines whether the defendant "imperfectly stated" or "omitted completely" a ground for removal. 304 F. Supp. at 801. If a ground for removal is omitted completely, the case should be remanded, because 28 U.S.C. §1653 permits amendments of "defective" allegations, rather than supplementation of additional allegation. *Id.* If, however, the grounds for removal are imperfectly stated, the court must decide, based upon "the facts and circumstances of each case" whether to permit amendment. *Id. Muhlenberg* distinguished between mere "technical" amendments, which should be permitted, and "material and substantial" amendments, which should not. *Id.* An example of a "material and substantial" amendment is one that is "likely to lead to a significant factual dispute between the parties." *Id.* The court reasoned that material and substantial amendments should be disfavored because "one of the purposes of the thirty-day removal period of 28 U.S.C. § 1446(b) is to ensure that litigation is not unduly delayed by uncertainty as to subject matter jurisdiction." *Id.*

The *Muhlenberg* Court premised its analysis on the applicability 28 U.S.C. § 1653, which states "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Whether a notice of removal is a "pleading" remains unsettled. As argued by Defendant GEICO, a notice of removal is not a pleading within the definition of Federal Rules of Civil Procedure 7 or 15. [Record No. 21, p. 3] Regardless of whether § 1653 controls, the analysis remains the same.

> Metropolitan Life Insurance Company, has its principle (sic) office and place of business in the state of New York and in no other state.

433 F. Supp. at 708. The *Jackson* court held that "[a]though imperfectly drawn, the petition for removal appears to contain the ultimate fact or conclusion which is required by law." *Id.* at 709. That conclusion was that defendant is the citizen of no state other than New York. The court distinguished other cases, such as *Walsh*, by the fact that their notices of removal left open-ended whether the corporation was a citizen of other states. Specifically, in *Walsh,* there is no definitive statement that the corporate entity was *not* a citizen of Kentucky. The *Walsh* notice read:

> Your Petitioner shows that said action involves a controversy between citizens of different states; that plaintiff is now, and was at the commencement of this action, a citizen and resident of the Commonwealth of Kentucky, and that your Petitioner was at the time of the commencement of this action, now is, and ever since has been a corporation, incorporated under the laws of the State of Delaware, and is a non-resident of the State of Kentucky. The above facts are set forth in the COMPLAINT filed in the Boone Circuit Court.

264 F. Supp. at 515.

Admittedly, describing the corporation as a "non-resident of the State of Kentucky" in addition to the proposition that *it is shown that* "said action involves a controversy between citizens of different states," might fairly be read to contain the ultimate facts necessary. However, the notice *Walsh* contained no firm statement that the corporation was not a *citizen* of Kentucky. But GEICO included a definitive statement in its timely Notices of Removal. Despite failing to allege a principal place of business, and further suggesting that GEICO is a citizen of Georgia, the sixth numbered paragraph of GEICO's September 8, 2016, amended

Notice of Removal states "no defendant is a citizen of the Commonwealth of Kentucky." [Record No. 7; *see also* Record No. 1 at ¶5; Record No. 11 at ¶8]

In *Jackson*, the unequivocal statement that the corporation was a citizen of no state other than New York was sufficient to demonstrate the ultimate facts necessary. Here, the unequivocal statement that jurisdiction exists "because no Defendant is a citizen of the Commonwealth of Kentucky" is similarly sufficient. Importantly, had the paragraph instead contained an observational statement that "it is therefore shown that no defendant is a citizen of the Commonwealth of Kentucky," this case would be akin to *Walsh*, where the allegations did not actually establish as much.

Whatever the import of *Tech Hills II*, resolution here is plain under *Jackson*. Because jurisdiction existed at the time of the removal, and because the timely September 8, 2016, amended Notice of Removal contained "the ultimate fact or conclusion which is required by law," the October 6, 2016, amendment is permissible despite its untimeliness. Therefore, being sufficiently advised, it is hereby

**ORDERED** that plaintiff's motion to remand [Record No. 20] is **DENIED**.

This 21st day of December, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge