UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ILYSE LONSBURY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-331-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN N. WOODS and GEICO | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pending before the Court are dueling motions regarding the plaintiff's failure to meet a Scheduling Order deadline. [Record Nos. 45, 46, 49] The plaintiff's deadline to disclose expert witnesses (and their written reports), as required by Rule 26(a)(2), was May 26, 2017. [Record No. 30 at ¶2] The plaintiff did not submit her disclosures until June 5, 2017. [Record No. 47] On May 31, 2017, and June 2, 2017, respectively, Defendants GEICO and Woods filed separate but related motions to exclude all expert proof by the plaintiff. [Record Nos. 45 and 46] On June 5, 2017, together with her disclosures, the plaintiff filed a motion for an extension of time. [Record No. 49] For the reasons discussed below, the extension of time will be granted and the defendants' motions denied.

The defendants base their motions to exclude on the prejudicial effect of receiving no Rule 26(a)(2) disclosures from the plaintiff. They argue that the plaintiff's failure to disclose "deprives the defense of fair notice and opportunity to prepare a meaningful defense" because, among other things, it "requires the defense to purely speculate" about which portions of the

- 1 -

plaintiff's "extensive medical history and treatment" the plaintiff will rely on at trial. [Record No. 45 at 7] Defendant Woods argues that even if the plaintiff were to seek relief, "to grant the Plaintiff an extension while holding the Defendants to the July 21st deadline would unfairly and unduly prejudice the Defendants and their ability to properly prepare their defense." [Record No. 46 at 2]

Less than a week after the defense motions were filed, the plaintiff submitted her Rule 26(a)(2) disclosures, listing three of her treating physicians as well as a vocational expert, and providing the vocational expert's report. [Record No. 47] Plaintiff's counsel simultaneously filed a motion for an extension of time in which she attributes the missed deadline to an oversight in the transition to new case management system. [Record No. 49] Counsel for the plaintiff asserts that she was on vacation when she became aware of the missed deadline (tipped off only by GEICO's motion), and made every effort to promptly submit the disclosures. [*Id.* at 1-2] The plaintiff requests that the Court extend both the plaintiff's and the defendants' disclosure deadlines by eleven days, such that her disclosure will be deemed timely, and the defendants will not be prejudiced by the delay. [*Id.* at 2] The plaintiff points out that the disclosure was made more than two weeks prior to a scheduled neutral expert evaluation, that the discovery deadline is nearly three months away, and the trial is over eight months away. [*Id.* at 3] Therefore, there is adequate time to perform additional expert discovery. [*Id.*]

In response to the plaintiff's extension of time motion, defendant GEICO argues that the calendar error is pretextual, and the reason the plaintiff did not have the disclosures timely filed is simply because they were not ready. [Record No. 50 at 2] GEICO attaches an e-mail

from plaintiff's counsel's staff suggesting that the expert disclosures were already prepared prior to the defense motions being filed. [*Id.*] GEICO argues that this assertion was false, as exhibited by the date on the vocational expert's report (June 2, 2017). [*Id.*] GEICO suggest that the diligence of the movant is the primary consideration for such an extension, and that the plaintiff's actions show a plain lack of diligence. [*Id.* at 3]

Moreover, GEICO submits that the June 5, 2017, disclosure provided by the plaintiff are defective under Rule 26(a)(2)(B) and (C). [*Id.* at 4] GEICO argues that the notice "contain[s] numerous disclosures of opinions to be given by her treating physicians that **are not** contained in any of the medical records provided to date and go beyond the permissive core of mere treatment and diagnosis…" [*Id.* at 4 (emphasis in original)]. Further, while the vocational expert's report relies on the plaintiff's recent Social Security disability award, the plaintiff never produced supplemental records regarding the disability award. [*Id.* at 5] Lastly, GEICO argues that

> [i]t is … unreasonable to expect the defense to suddenly scramble for a vocational expert for a Plaintiff who – until now – was already a totally disabled retiree and medically declared unable to perform any kind of work at all (part time or otherwise) since 2012, simply because Plaintiff [sic] chose to wait until a week after the expert deadline to send his [sic] client to a new [sic] hired expert.

[*Id.* at 6]

Defendant Woods incorporates GEICO's response and provides further arguments for why the plaintiff's tardy disclosure is not harmless. [Record No. 51] Woods points out that no Social Security Administration record has ever been disclosed to the defendants evidencing a determination that the motor vehicle accident contributed to the SSA's finding of disability.

[*Id.* at 2] Woods suggests that it is significant that the plaintiff retired from her employment with the Lexington Fayette Urban County Government for purposes of applying for disability, years before the motor vehicle accident. [*Id.* at 3]

Woods also suggests that the doctors' opinions as disclosed appear to contradict the plaintiff's previous testimony and the physicians' past assertions about the time at which plaintiff became unable to work. [*Id.*] While Woods acknowledges that the present motion is not the appropriate place to address the credibility of witnesses, she feels that the insufficiency of the June 5, 2017, disclosures is unfairly prejudicial to the defendants, which will undermine their ability to prepare a defense. [*Id.* at 4]

Replying to GEICO and Woods, the plaintiff argues that discovery is ongoing and that there are in fact thousands of pages in the Social Security records, which have been requested from SSA by multiple parties. [Record Nos. 54 and 53] The plaintiff includes an Appeals Council decision linking the reconsideration of the plaintiff's disability status to the motor vehicle accident. [Record No. 55-1]

Turning back to the defendants' motions to exclude, the plaintiff argues that the delayed disclosure is harmless under the test set forth in *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015). [Record Nos. 52 and 53] The plaintiff suggests that the use of treating doctors as experts was only natural, and that the use of a vocational expert was easily foreseeable given the pleadings. [Record No. 52 at 3-4] The plaintiff argues that the defense had access to SSA records and was aware of her position regarding the motor vehicle accident, i.e., that it was a basis of the disability award. [*Id.* at 5 (citing deposition)]

Finally, the plaintiff argues that expert proof is essential to her case and the delay will not disrupt the trial. She argues that without her treating physicians to testify as to causation, she will not survive a Rule 56 motion, and without her vocational expert, she cannot establish damages. [*Id.* at 5-6] Moreover, an eleven-day extension for both parties does not impede the remainder of the Court's Scheduling Order. [*Id.* at 6].

Under the Federal Rules of Civil Procedure,

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*

Fed. R. Civ. P. 37(c)(1) (emphasis added). This sanction is mandatory unless the offending party provides a reasonable explanation for the non-compliance or the mistake was harmless. *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010). A five-factor test is applied to determine whether the party's omission or late disclosure is substantially justified or harmless. The Court considers:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

The court considers each factor in turn. First, the surprise to the defendants. As the plaintiff rightly notes, it is hardly a surprise that the plaintiff would choose to disclose treating physicians or a vocational expert. Given the nature of the claims, such testimony is necessary to establish causation and damages. This weighs in favor of harmlessness.

The second factor is the ability of the defendant to cure the surprise. The Court often provides only a one month window between the plaintiff's and the defendant's expert disclosure deadlines. Here, two months were provided, meaning that the eleven-day delay left the defendant with six weeks to prepare its own expert reports. Moreover, if the Court grants a proportional extension of the defendant's deadline, the defendant is fully able to cure. While the delay does cabin the time the neutral expert had to prepare *prior to* his June 20th evaluation, he was nonetheless left with two full weeks. The second factor, therefore, weighs in favor of harmlessness.

The third factor is the extent to which the disclosure will disrupt the trial. Simply put, an eleven-day delay has no impact on a trial scheduled some eight months away. This weighs strongly towards a finding of harmlessness.

The fourth factor relates to the importance of the evidence. Expert testimony is vital to the plaintiff's claim. In light of the plaintiff's pre-existing medical condition, expert testimony is a must to prove causation, and is necessary for a damages calculation. In some sense, the importance of the evidence cuts both ways, because the revelation of this evidence is also crucially important to the defendants' case. *See EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017) ("The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure."). However, considered in light of the length of the day, this factor weighs in the plaintiff's favor.

The fifth and final factor is the plaintiff's explanation for her failure to meet the disclosure deadline. Plaintiff's counsel states bluntly that the failure was solely attributable to

human error, related to a change-over in case management software. But this is not a good reason. However, there is no evidence of dilatory motive on the part of the plaintiff.[1] The fifth factor weighs heavily against finding the delay to be substantially justified, but is at best neutral to the finding of harmlessness.

The plaintiff's reason for missing the deadline is not a good one. However, the importance of the evidence, together with the length of the delay, weighs in favor of permitting the tardy disclosure. None of the other factors—surprise to the defendants, their ability to cure, and effect on the trial—are sufficiently weighty. "The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (quoting *Howe*, 801 F.3d at 747, 749). Despite their best efforts, the defendants have not shown underhanded gamesmanship on the part of the plaintiff. It is difficult to see how the plaintiff has gained any strategic advantage by her tardy disclosure, and the record supports a finding of harmlessness.

The defendants raise various other concerns regarding the sufficiency and propriety of the plaintiff's June 5, 2017, disclosures in their response to the plaintiff's motion for an

---

[1] The defendants suggest that because the vocational expert had not yet completed her evaluation of the plaintiff, this reason is clearly pretextual. But no such logical inference can be drawn. Without acute awareness of the upcoming deadline, there is reason to believe that an evaluation would have been already completed. Moreover, the suggestion that the plaintiff failed to disclose because she was simply not ready, while possible, would suggest extreme recklessness on the part of plaintiff's counsel. The record does not support such a conclusion.

extension.  These concerns are not included in the Court's balancing because they are not, strictly speaking, relevant to the motions as presented to the Court.  Notably, apart from adopting and incorporating GEICO's motion to exclude, the basis for Woods' motion to exclude was the prejudice that would arise if the Court granted the plaintiff an extension but did not permit a proportional extension for the defendants.  That is the issue before the Court, not the propriety of the tardy disclosure.  The defendants request that the Court consider their motions to exclude *prior to* adjudicating the motion for an extension of time.  However, the sole basis for the motions to exclude is the missed deadline.  The Court denies the invitation to consider as a basis for the defendants' motions to exclude new arguments raised only in response to a separate motion and in reply.

Some final points bear noting.  The notion that GEICO must "suddenly scramble" to find a vocational expert is not well taken.  [Record No. 50 at 6]  As the plaintiff points out, impairment of her ability to earn is alleged in her state court complaint. [Record No. 52 at 4]  Further, GEICO's suggestion that "until now [the plaintiff] was already a totally disabled retiree and medically declared unable to perform any kind of work at all (part time or otherwise) since 2012" is a merits argument, and not relevant here.  Likewise, the plaintiff inappropriately suggests that the Court's previous ruling ("lenience") permitting an amended notice of removal should bear on the Court's consideration of the present motion. [Record No. 49-1 at 3]  The Court's past ruling on a distinct legal issue has no relevance here.  The role of the courts is sometimes analogized to that of umpires and referees.  But the Court does not render decisions for the purpose of "evening-up" the score.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1). Defendant GEICO's Motion to Exclude All Expert Proof by Plaintiff [Record No. 45] is **DENIED**.

2) Defendant Karen Woods' Motion to Exclude All Expert Proof by Plaintiff [Record No. 46] is **DENIED**.

3) Plaintiff Ilyse Lonsbury's Motion to Extend Expert Disclosure Deadlines [Record No. 49] is **GRANTED**.

4) Plaintiff Ilyse Lonsbury's Rule 26(a)(2) Disclosures filed on June 5, 2017, [Record No. 47] are **DEEMED TIMELY**.

5) The deadline established in Paragraph 2 of the Court's Scheduling Order [Record No. 30] for the defendants' Rule 26(a)(2) disclosures is extended to **August 1, 2017**.

This 26th day of June, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge